UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DOME HYDROCARBONS, L.C. | § | CASE NO. 13-80231 |
| | § | |
| DL LOGISTICS, L.C., | § | CASE NO. 13-80133 |
| | § | |
| DOME PETROCHEMICAL, L.C., | § | CASE NO. 14-31836 |
| | § | |
| Debtors. | § | Jointly Administered |
| | § | |
| | § | (Chapter 11) |
| | § | |

AFFIDAVIT OF GEORGE M. BRITTON IN SUPPORT OF
CROWN FINANCIAL, LLC'S MOTION TO AMEND FINDINGS
PURSUANT TO BANKRUPTCY RULES 7052 AND 9023

State of Texas          )
                        ) ss:
County of Harris        )

George M. Britton, being first duly sworn, deposes and states:

1.     My name is George M. Britton.  I hereby swear under penalty of perjury that all statements contained in this affidavit are true and correct.

2.                         On November 13, 1998, I was a party to a transaction with West Bay Organics, L.C. ("West Bay"), the purpose of which was to provide financial accommodations in connection with West Bay's acquisition of certain real property and improvements.  The five instruments executed in connection with the transaction involved:  (A) a Promissory Note (as renewed and extended, hereinafter referred to as the "Note") of which David A. Lawson, Trustee and I, as Trustee, were the payees of the Note, with an original maturity date of May 12, 1999; (B) a Deed of Trust recorded in the Official Public Records of

1

Chambers County, Texas under File Number 98390270 ("Deed of Trust"); (C) a Subordination Agreement recorded in the Official Public Records of Chambers County, Texas under File Number 98390305 ("Subordination Agreement"); (D) a UCC financing statement filed with the Texas Secretary of State, under File Number 98-228354 ("1998 UCC Financing Statement (SOS)"); and (E) a UCC financing statement recorded in the Official Public Records of Chambers County, Texas under File Number 98390298 ("1998 UCC Financing Statement (Chambers County)").  A true and correct copy of the Note is attached hereto as **Exhibit 1**.  A true and correct copy of the Deed of Trust is attached hereto as **Exhibit 2**.  A true and correct copy of the Subordination Agreement is attached hereto as **Exhibit 3**.  A true and correct copy of the 1998 UCC Financing Statement (SOS) is attached hereto as **Exhibit 4**.  A true and correct copy of the 1998 UCC Financing Statement (Chambers County) is attached hereto as **Exhibit 5**.

3.      The original maturity date of the Note was extended from May 12, 1999, to May 31, 1999, by the agreement of the parties thereto.  West Bay failed to satisfy the Note by May 31, 1999.

4.      In December 1999, in my capacity as Trustee, I signed and was a party to a Renewal and Extension of Promissory Note.  This instrument reinstated the Note and extended the maturity date to December 31, 2000.  A true and correct copy of the Renewal and Extension of Promissory Note is attached hereto as **Exhibit 6**.

5.      The Note continued to go unsatisfied and was in default as of December 31, 2000.

6.      On October 6, 2003, in my capacity as Trustee, I signed and was a party to a Note Assumption and Ratification Agreement.  Pursuant to the Note Assumption and Ratification Agreement, Dome Hydrocarbons LC ("Hydrocarbons") among other things, assumed the liability under the Note from West Bay and agreed to perform certain Additional Obligations

(as defined in the Third Renewal and Extension of Promissory Note) as further described in the assumption agreement.  A true and correct copy of the Note Assumption and Ratification Agreement is attached hereto as **Exhibit 7**.

7.     On October 6, 2003, in my capacity as Trustee, I signed and was a party to a Third Renewal and Extension of Promissory Note ("Third Renewal").  Among other things, this instrument reinstated the Note and extended the maturity date of the Note to September 30, 2006. A true and correct copy of the Third Renewal is attached hereto as **Exhibit 8**.

8.     Effective as of June 1, 2006, in my capacity as Trustee, I was a party to transaction with Hydrocarbons for the purpose of further renewing, amending and extending the Note, including among other things, recognition of the amount of the outstanding debt, the assumption of certain liabilities by Hydrocarbons, providing the opportunity for Hydrocarbon to earn certain credits against the unpaid principal balance with respect to payments on the Note, the payment of delinquent ad valorem taxes on the collateral securing the Note, and provisions relating to the approvals of certain leasehold interests and the assignment of Hydrocarbons' interests in leases and rents relating to the collateral securing the Note, all of which is more particularly described in the Fourth Renewal, Extension and Modification of Promissory Note.  The four relevant instruments for this transaction involved:  (A) the Fourth Renewal, Extension and Modification of Promissory Note ("Fourth Renewal"); (B) an Assignment of Leases and Rents ("Assignment of Rents"), dated June 14, 2006, and recorded in the Official Public Records of Chambers County, Texas under File Number 15866, Vol. 874, page 482; (C) a UCC Financing Statement filed with the Texas Secretary of State, under File Number 06-0018067513 (the "2006 UCC Financing Statement (SOS)"), and (D) a UCC Financing Statement recorded in the Official Public Records of Chambers County, Texas under

File Number 15064, Volume 867, page 504 (the "2006 UCC Financing Statement (Chambers County)").  In my capacity as Trustee, I signed and was a party to the Fourth Renewal.  A true and correct copy of the Fourth Renewal is attached hereto as **Exhibit 9**.  A true and correct copy of the Assignment of Rents is attached hereto as **Exhibit 10**.  A true and correct copy of the 2006 UCC Financing Statement (SOS) is attached hereto as **Exhibit 11**.  A true and correct copy of the 2006 UCC Financing Statement (Chambers County) is attached hereto as **Exhibit 12**.

9.      On February 26, 2010, in my capacity as Trustee, I signed and was a party to the Fifth Renewal, Extension and Modification of Promissory Note ("Fifth Renewal").  This instrument further renewed, modified and extended the Note and established a new maturity date of June 1, 2011.  A true and correct copy of the Fifth Renewal, Extension and Modification of Promissory Note is attached hereto as **Exhibit 13**.

10.          Effective as of June 1, 2011, in my capacity as Trustee, I was a party to transaction entered into for the purpose of further renewing, amending and extending the Note, including among other things, recognition of the amount of the outstanding debt, the reduction of the principal balance of the Note and the loan of such amount to Hydrocarbons pursuant to a New Note (as defined below), and the entry into a Royalty Agreement by and among Precision Chemical Processing LLC, Hydrocarbons and David A. Lawson and George M. Britton, Trustees, pursuant to that certain Lease Agreement between Hydrocarbons and Precision Chemical Processing LLC.  The four relevant instruments in this transaction involved: (A) the Sixth Renewal, Extension and Modification of Promissory Note ("Sixth Renewal"); (B) an Unsecured Promissory Note ("New Note"); (C) a Royalty Agreement between Hydrocarbon, Precision Chemical Processing LLC, and myself, as Trustee (the "Royalty Agreement") recorded in the Official Public Records of Chambers County, Texas under File Number 67560, Volume

1280, Page 299; and (D) a Subordinated Deed of Trust to Secure Performance recorded in the Official Public Records of Chambers County, Texas under File Number 67561 (the "Subordinated Deed of Trust"), Volume 1280, Page 341.  In my capacity as Trustee, I signed and was a party to the Final Renewal and the Royalty Agreement.  A true and correct copy of the Sixth Renewal is attached hereto as **Exhibit 14**.  A true and correct copy of the New Note is attached hereto as **Exhibit 15**.  A true and correct copy of the Royalty Agreement is attached hereto as **Exhibit 16**.  A true and correct copy of the Subordinated Deed of Trust is attached hereto as **Exhibit 17**.

11.    Based on my personal knowledge, from time to time certain payments were received on account of the Note.  The following table indicates the total annual payments received in the particular year set forth in the table.  The records of these payments are part of the business records that I maintained in connection with the Note.  Records of the payments were kept in ordinary course of business, and were recorded in a consistent manner upon receipt.  It was my practice to record the receipt of payments contemporaneous with, or soon after the receipt of the respective payments.  Entries reflecting the payments were made by me as Trustee, or one of my employees or representatives with personal knowledge of the payment recorded.  Other than accrued interest and other amounts reflected in the various modifications, renewals and extensions as described above and in such instruments, payments on the Note in the aggregate totals were received in each of the particular year listed as follows:

| Year | Total Payments |
|------|----------------|
| 2006 | $50,024.00 |
| 2007 | $128,076.00 |
| 2008 | $118,000.00 |
| 2009 | $120,000.00 |

5

| 2010 | $92,000.00 |
|------|-----------|

12.     Based on my personal knowledge, no payments were received on account of the New Note.

13.     Both the Note and the New Note went into default on June 1, 2012.

14.     On September 27, 2013, in our capacity as Trustees, David A. Lawson and I filed proof of claim #29 in the Dome Hydrocarbons, LC bankruptcy case (case number 13-80231) filed in the United States Bankruptcy Court for the Sothern District of Texas ("Proof of Claim"). The Proof of Claim asserts a partially-secured claim against Hydrocarbon pursuant to the Note, as renewed, modified and extended, and the New Note.  The Proof of Claim states that as of the Petition Date, Hydrocarbon owed at least $1,570,344.47, including, *inter alia*, (i) $1,120,766.50 in outstanding principal plus $163,179.00 in accrued unpaid interest on the Note; and (ii) $250,000.00 in outstanding principal plus $36,398.97 in accrued unpaid interest on the New Note.  A true and correct copy of the Proof of Claim is attached hereto as **Exhibit 18**.

15.     On February 10, 2014, Crown Financial, LLC purchased from me and David A. Lawson in our capacity as Trustees all "rights, title, benefit and interest in the Note, the Loan Documents and the Bankruptcy Proof of Claim" filed against Hydrocarbon, through a Claim Purchase Agreement and Assignment ("Claim Purchase Agreement").  A true and correct copy of the Claim Purchase Agreement is attached hereto as **Exhibit 19**.

16.     I was unaware that at the hearing on Crown Financial LLC's motion to request the right to credit bid that the Court would rule on the issue of the validity or enforceability of the Note and related liens.  I am a party in interest with respect to matters relating to the Note and liens and if I had known that these issues would be decided at such hearing, I would have testified in connection with those matters.  I believe that I should have this opportunity.

6

FURTHER AFFIANT sayeth not.

GEORGE M. BRITTON, TRUSTEE

SUBSCRIBED AND SWORN TO before me by GEORGE M. BRITTON, TRUSTEE on this 28th day of July, 2014.

NOTARY PUBLIC

[SEAL]
HOUSTON_1/1349899v.3
37525-330  07/28/2014

SUSAN H. BOZARTH
Notary Public, State of Texas
My Commission Expires
06-12-2018

7